**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| RML, LLC[1] | ) Case No. 22-10784 (DSJ) |
| | ) |
| Reorganized Debtor. | ) |
| | ) |
| Tax I.D. No. N/A | ) |
| | ) |

### ORDER GRANTING REORGANIZED DEBTORS' TWENTIETH OMNIBUS OBJECTION TO NON-MDL HAIR STRAIGHTENING CLAIMS, LATE-FILED HAIR STRAIGHTENING CLAIMS, AMENDED HAIR STRAIGHTENING CLAIMS, AND DUPLICATE HAIR STRAIGHTENING CLAIMS

Upon the objection (the "Objection")[2] of the above-captioned reorganized debtor and its reorganized debtor affiliates (before the effective date of their chapter 11 plan of reorganization, the "Debtors" and after the effective date of their plan of reorganization, the "Reorganized Debtors") for entry of an order (this "Order") approving the disallowance, expungement, or modification, as applicable, of the claims as identified on **Schedules 1** and **2** attached hereto and pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and the Objection Procedures Order, all as more fully set forth in the Objection; and upon the Usitalo Declaration; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United*

---

[1]    On May 30, 2023, the Court entered the *Order (I) Consolidating the Administration of the Remaining Matters at the Remaining Case, (II) Entering a Final Decree Closing the Affiliate Cases, (III) Changing the Case Caption of the Remaining Case, and (IV) Granting Related Relief, In re Revlon, Inc., et al.*, No. 22-10760 [Docket No. 1920], closing the affiliated chapter 11 cases and directing that all motions, notices, and other pleadings related to any of the affiliated debtors be filed in this case. The location of RML, LLC's service address for purposes of these Chapter 11 Cases is: 55 Water St., 43rd Floor, New York, NY 10041-0004.

[2]    Capitalized terms used in this Order and not immediately defined have the meanings given to such terms in the Objection.

*States District Court for the Southern District of New York*, dated January 31, 2012; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that the relief requested in the Objection is in the best interests of the Reorganized Debtors' estates, their creditors, and other parties in interest; and this Court having found that the  Reorganized Debtors' notice of the Objection and opportunity for a hearing on the Objection were appropriate under the circumstances and no other notice need be provided; and a Certificate of No Objection having been filed; and this Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Objection is sustained as set forth herein.

2.      The No Complaint Non-MDL Hair Straightening Claims listed on **<u>Schedule 1</u>** attached hereto are disallowed and expunged in their entirety.

3.      The Terminated Non-MDL Hair Straightening Claims listed on **<u>Schedule 2</u>** attached hereto are disallowed and expunged in their entirety.

4.      Kroll Restructuring Administration LLC, the Reorganized Debtors' claims and noticing agent, is authorized to update the claims register to reflect the relief granted in this Order.

5.      Entry of this Order is without prejudice to the Reorganized Debtors' right to object to any other claims in these Chapter 11 Cases or to further object to the claims listed on

**Schedules 1** and **2** attached hereto (to the extent they are not disallowed or expunged pursuant to this Order) on any grounds whatsoever at a later date.

6.      Entry of this Order is also without prejudice to any individual holding a claim listed on **Schedules 1** and **2** attached hereto to file a request for relief with this Court to permit such individual to file a late complaint in the Hair Straightening MDL, or otherwise seek reinstatement of their claim, in each case on the basis of, for example, excusable neglect, without prejudice to the Reorganized Debtors' right to object to such requested relief on any and all applicable grounds.

7.      Each objection to each claim as addressed in the Objection and as identified on **Schedules 1** and **2** attached hereto constitutes a separate contested matter as contemplated in Bankruptcy Rule 9014.  This Order shall be deemed a separate order with respect to each claim listed on **Schedules 1** and **2**.  Any stay of this Order shall apply only to the contested matter that involves such claim and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered hereby.

8.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.      The Reorganized Debtors are authorized to take any and all actions reasonably necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the Objection.

10.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: New York, New York
       March 25, 2025

_____*s/ David S. Jones*_____
HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE